IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2138-BO

| | |
|---|---|
| JEFFREY ROBINSON[1], Petitioner, | ) ) ) |
| v. | ) ORDER ) |
| ROY COOPER, Respondent. | ) ) ) |

Jeffrey Robinson, a state prisoner, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion for summary judgment [D.E. 11]. Petitioner was granted an extension of time and thereafter responded [D.E. 17]. The matter is ripe for determination.

## PROCEDURAL BACKGROUND

On June 24, 2008, in the Superior Court of Cumberland County, following a jury trial, petitioner was convicted of felonious breaking and entering, of felonious larceny, and of attaining habitual felon status. (Mem. in Supp., Ex. 1 at 1, 14-16) Petitioner was sentenced to two consecutive terms of 121 to 155 months' imprisonment. (Id. at 17-20) Petitioner represented himself at trial. (Id. at 17)

Petitioner appealed as of right to the North Carolina Court of Appeals, and on August 18, 2009, the appellate court found no prejudicial error in petitioner's criminal judgment. State v. Robinson, 2009 WL 2501272 (N.C. Ct. App. Aug. 18, 2009) (unpublished) Petitioner was represented by counsel on appeal. Id., at *1.

---

[1]The court notes that petitioner spells his name "Jeffrey Robinson" in his petition and subsequent filings. The state court record uses both the spelling "Jeffrey Robinson" and "Jeffery Robinson."

On August 24, 2009, petitioner filed a pro se petition for discretionary review in the North Carolina Supreme Court, seeking review of the North Carolina Court of Appeals' opinion finding no prejudicial error. (Mem. in Supp. of Summ. J., Ex. 4) Thereafter, on September 22, 2009, petitioner filed a pro se notice of appeal in the North Carolina Supreme Court. (Pet., attach. at 40-46). On March 11, 2010, the North Carolina Supreme Court denied petitioner's discretionary review petition and dismissed his notice of appeal. State v. Robinson, No. 349P09 (N.C. Mar. 11, 2010) (unpublished), and State v. Robinson, No. 349P09 (N.C. Mar. 11, 2010) (unpublished).

On July 6, 2010, petitioner filed a pro se motion for appropriate relief (MAR) in the North Carolina Superior Court of Cumberland County. (Pet., attach. at 47-83) On November 22, 2010, the Superior Court denied petitioner's MAR. (Id., attached at 88-90)

On January 6, 2011, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. (Mem. in Supp. of Summ. J., Ex. 7) On January 25, 2011, the North Carolina Court of Appeals dismissed petitioner's certiorari petition without prejudice. (Pet., attached at 106)

On February 18, 2011, petitioner filed a second petition for writ of certiorari in the North Carolina Court of Appeals (Mem. in Supp. of Mot. for Summ. J., Ex. 9) which was denied on March 1, 2011 (Pet., attached at 107).

On March 31, 2011, petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court seeking to challenge the North Carolina Court of Appeals opinion denying certiorari review. (Pet., attached at 84-111) On June 15, 2011, the Court of Appeals dismissed petitioner's petition. State v Robinson, No. 349P09-2 (N.C. June 15, 2011) Petitioner submitted this § 2254 petition on June 27, 2011, and it was stamp-filed on July 7, 2011.

2

## CLAIMS

Petitioner alleges the following: (1) the denial of effective assistance of counsel because the trial court required him to represent himself after his court appointed attorney brought a conflict of interest to the court's attention and the court failed to conduct a proper inquiry; (2) the denial of due process when the trial court denied him the opportunity to introduce a letter from his co-defendant's lawyer and a letter from his co-defendant indicating that the co-defendant had changed his story after plea bargain negotiations; (3) the denial of effective assistance of counsel at a critical stage of trial without a valid waiver of counsel; (4) the denial of effective assistance of counsel was ineffective for failing to spend sufficient time with petitioner, explaining how a plea bargain was in his best interest, failing to prepare petitioner for trial, and failing to evaluate petitioner's competency; (5) the denial of effective assistance because the trial court forced self-representation on him, despite the fact that he refused to sign a waiver and despite his repeated requests for different counsel; (6) trial counsel error in not requesting a psychiatric evaluation; and (7) trial court error in imposing a sentence that was in excess of the crime for which he was convicted.

## FACTS

The North Carolina Court of Appeals summarized the facts at issue as follows:

On 13 April 2008, subsequent to the issuance of indictments in this matter, defendant wrote a letter to Judge E. Lynn Johnson, the presiding judge in the Superior Court of Cumberland County. In this letter, defendant expressed his desire to review the discovery materials obtained in his case and claimed that his attorney, Ms. Pam Leslie ("Ms.Leslie"), a court-appointed public defender, refused to provide him the discovery materials per office policy. On 15 April 2008, Judge Johnson issued a letter to defendant and provided a carbon copy to Ms. Leslie. The letter denied defendant's request for a copy of the discovery material, but advised Ms. Leslie to contact defendant to determine if he wished to view the original documents from jail.

3

On 29 February 2008, the trial court received another letter from defendant stating that he wished to have Ms. Leslie removed from his case because he felt that she did not have his "best interest at heart." On 12 March 2008, Judge Johnson sent defendant a letter indicating that a hearing would be held with regard to defendant's "letter requesting new counsel."

On 4 April 2008, a pretrial hearing was held, and defendant asserted his desire to have Ms. Leslie removed from his case because she failed to provide him with a copy of the discovery material in his case and he did not feel that there was adequate time for him to review the file and prepare for trial. Ms. Leslie informed the court that defendant had reviewed the discovery material and that he could review it again if he chose, but that he could not keep a copy of the material in jail. Defendant informed the court that he wished for Ms. Leslie to remain his counsel until he was able to hire another attorney. Ms. Leslie was not removed from the case at that time.

On 3 June 2008, at a pretrial motion hearing, defendant again addressed the court and asked to receive a copy of the discovery materials. Ms. Leslie informed the court that defendant reviewed the materials twice and she had gone over it with him. The court did not order counsel to give defendant a copy of the discovery materials, and at that time, defendant did not ask that Ms. Leslie be removed from his case. Defendant did not obtain private counsel.

Trial was set for 23 June 2008, and on the morning of trial, defendant requested that Ms. Leslie be removed from his case. Defendant expressed concern that he did not know what Ms. Leslie would say at trial, that he had not spoken with her enough, and that he was dissatisfied with the way in which she had handled plea negotiations. Ms. Leslie claimed that she had many conversations with defendant about plea bargaining and trial, and that he declined the plea offer presented. Ms. Leslie further informed the court that on the Saturday before trial, defendant gave her the name of a witness he wished to call at trial. According to Ms. Leslie, this witness was currently being represented by the Public Defender's Office. The following dialogue then took place:

MS. LESLIE: Based on our current representation of this person, I cannot pursue any possible defense that that individual may be able to offer my client. I also cannot disclose the nature of what my client told me about that defense because we currently represent this other individual. So it really ties my hands, and I need to bring that to the court's attention because that is one of the things that he pointed out on Saturday when we had this discussion. That name did not come up before Saturday morning; otherwise, I would have investigated that and brought it to the court's attention at an earlier time. I don't know if he wants to address the court on that issue or any other issue, but I felt I needed to bring that to the court's attention on the record.

4

THE COURT: Okay. Mr. Robinson, getting back to you. Let me inquire again, is there any reason you cannot continue cooperating with your attorney in the trial of this case, if it's tried? And apparently, it's going to be tried.

THE DEFENDANT: Yes, sir. I would like to have another representation, if possible. I'll go-I'll represent myself.

The court then explained to defendant the repercussions of proceeding pro se. When asked if he understood, defendant responded, "[y]es sir. I don't want to represent myself, but-[.]" The court interjected,

I'm not going to ... voluntarily remove Ms. Leslie as counsel of record. And that's, uh-if you can-you've told me nothing that constitutes grounds for her removal. She's done everything she's supposed to do and now is prepared to go to trial. We have a jury panel waiting to start the trial of this case. And this trial will go on.

Defendant did not raise the issue of the witness he wished to call. Defendant continued to assert his desire for a new attorney, and the trial judge refused to grant this request as he could not ascertain any reason for doing so. The trial court determined that defendant had waived his right to counsel, though defendant refused to sign the waiver. Defendant was then asked what witnesses he intended to call for trial, and the only witness he named was Willie Edge ("Mr.Edge"), the witness Ms. Leslie referenced in her earlier discussion with the court.

Before the jury was called in, the court once again asked defendant if he wished for Ms. Leslie to represent him, and he responded, "[s]he can help me out." The trial court more pointedly asked defendant if he wished for Ms. Leslie to resume her role and conduct his defense. Defendant definitively said "[n]o." The trial continued with defendant acting pro se, but Ms. Leslie was appointed as standby counsel. On 25 June 2008, defendant called Mr. Edge to testify. The court gave defendant an opportunity to first question Mr. Edge outside of the presence of the jury, at which time Mr. Edge stated that he would not answer questions pursuant to his rights under the Fifth Amendment. Mr. Edge was never called before the jury. Defendant continued to represent himself throughout the trial.

Robinson, 2009 WL 2501272, at *1 - *2 (footnotes omitted).

5

## DISCUSSION

A. <u>Standard of Review</u>

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." <u>Id.</u> at 407; see <u>Hardy v. Cross</u>, ___ U.S. ___, 132 S. Ct. 490, 493–94 (2011) (per curiam); <u>Bobby v. Dixon</u>, , ___ U.S. ___, 132 S. Ct. 26, 29–31 (2011) (per curiam); <u>Cavazos v. Smith</u>, , ___ U.S. ___, 132 S. Ct. 2, 4–8 (2011) (per curiam); <u>Renico v. Lett</u>, , ___ U.S. ___, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling

6

Supreme Court precedents, that the [petitioner's] constitutional rights were
violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

    B.    Claims

        i.    Ineffective Assistance of Counsel regarding Conflict of Interest, the Denial of Representation at a Critical Stage, and Self-representation

The court considers Claims One, Three, and Five together given the interrelationship in allegations. Petitioner's first claim is that of ineffective assistance of counsel because the trial court required him to represent himself after his court appointed attorney brought a conflict of interest to the court's attention and the court failed to conduct a proper inquiry. The next correlated issues are the assertions of the denial of assistance of counsel at a critical stage of trial without a valid waiver of counsel and that the court forced him to represent himself.

Petitioner's assertions revolve around a potential conflict of interest raised by his court-appointed trial attorney, Pam Leslie. On the day of trial, counsel explained to the presiding judge that two days prior petitioner gave her the name of a "material witness." (Tr. p. 16). Counsel explained to the court the witness was "a person that our office, public defender's office, has represented in the past and is currently representing." Counsel continued that "[b]ased on our current representation of this person, I cannot pursue any possible defense that that individual may be able to offer my client. I also cannot disclose the nature of what my client told me about that defense because we currently represent this other individual. So it really ties my hands, and I need to bring that to the court's attention . ." (Id.) The trial court inquired no further into the

7

statement by counsel. (See Tr., and Robinson, 2009 WL 2501272, at * 4, "It is undisputed that once defense counsel apprised the trial court of a potential conflict of interest in calling a witness whom Ms. Leslie's office was currently representing in an unrelated matter, the trial court failed to inquire into the nature of this potential conflict of interest.")

The trial court next found petitioner, through his representations, waived his right to counsel, and appointed Pam Leslie as stand-by counsel. Robinson, 2009 WL 2501272, at * 6. The appellate court held "that the trial court erred in failing to inquire into the potential conflict of interest, but further [held] that defendant has not shown that his representation was affected by an actual conflict." Id.

> The Sixth Amendment provides that a criminal defendant shall have the right to the Assistance of Counsel for his defence. This right has been accorded, we have said, not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate, and it also follows that defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation. As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Mickens v. Taylor, 535 U.S. 162, 166 (2002) (citations and quotations omitted).

The Supreme Court in Mickens went on to explain that "[t]here is an exception to this general rule." Id. One exception is "where assistance of counsel has been denied entirely or during a critical stage of the proceeding." Id. Other examples of the exception outlined by the Court "may arise" where "defendant's attorney actively represented conflicting interests." Id. (discussing Holloway v. Arkansas, 435 U.S. 475 (1978), Cuyler v. Sullivan, 446 U.S. 335 (1980), and Wood v. Georgia, 450 U.S. 261 (1981).

8

Here, both of these claims have been raised by a pro se litigant and thus interdependent on the constitutionality of each. Petitioner now seeks appointment of counsel [D.E. 18]. Due to the complexity and importance of the claims before the court, and employing Rule 7 of the Rules Governing Section 2254 Cases in the United States District Court which allows expansion of the record, summary judgment is denied. Counsel is appointed to represent petitioner in the interest of justice as to these claims, and supplemental filings concerning Claims One, Three, and Five shall be allowed to be re-filed. 18 U.S.C. § 3006A(2)(B); see also Martel v. Clair, ___ U.S. ___, 132 S. Ct. 1276, 1284 (2012).

    ii.    Admission of Evidence

The court next reviews Claim Two in which petitioner asserts the denial of due process. Specifically, petitioner argues the violation occurred by the trial court's denial of the introduction of a letter from the attorney representing his co-defendant, Thomas, as well as, a letter from co-defendant Thomas indicating that he, Thomas, had changed his story after plea bargain negotiations. Petitioner claims that these letters proved Thomas' testimony was inconsistent with his statement made to law enforcement and, thus, further proved Thomas changed his testimony based upon his guilty plea. Petitioner did not present the letters to this court; however, it shall be assumed that petitioner sought inclusion of the letters as substantive evidence.

Absent a violation of a specific constitutional provision or fundamental unfairness, admission or exclusion of evidence in a state criminal trial is not cognizable on federal habeas review. Howard v. Moore, 131 F.3d 399, 415 n. 18 (4th Cir. 1997); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In North Carolina, the decision on the admission of evidence is wholly within the discretion of the trial court. State v. Summers, 177 N.C. App. 691,

9

697, 629 S.E.2d 902, 907, appeal dismissed and disc. rev. denied, 360 N.C. 653, 637 S.E.2d 192 (2006). Moreover, the letters were not admissible as substantive evidence. See State v. Williams, 355 N.C. 501, 533, 565 S.E.2d 609, 628 (2002) ("[I]t has been established that prior inconsistent statements may not be used as substantive evidence." (citation omitted)).

The North Carolina Superior Court rejected the claim, concluding "[t]hat the Court's ruling not to allow the introduction of a letter written by a codefendant was a judicial decision." (Pet., attached at 89) The Superior Court's summary adjudication is entitled to deference in this proceeding. See Harrington v. Richter, ___U.S.___, 131 S. Ct. 770, 784-85 (2011) (a state court need not cite or even be aware of the Supreme Court precedent, '[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.") Here, the MAR's decision on this issue was not contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Estelle. Nor is the court's decision based upon an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

    iii.  Ineffective Assistance of Counsel

In Claims Four and Six, petitioner contends that counsel was ineffective for failing to spend sufficient time with petitioner, explaining how a plea bargain was in his best interest, failing to prepare him for trial, and failing to have petitioner evaluated to assess his competency.

To be entitled to relief based on ineffective assistance of trial counsel claims, petitioner must establish that (1) counsel's performance was deficient and (2) that, but for counsel's deficient performance, there was a reasonable probability that the result at trial would have been different. Strickland v. Washington, 466 U.S. 668, 686 (1984). There is a strong presumption

10

that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

Petitioner raised both these grounds in his MAR (Pet., attached at 30-32), and the North Carolina Superior Court rejected the claims in adjudicating the matter. (Pet., attached at 89) The state court, relying on Strickland, reasoned as follows:

> In this particular instance defendant alleges ineffective assistance of counsel because he was not given a copy of his discovery and failure of counsel to request a psychiatric evaluation of defendant to determine [his] competence to assist his lawyer in preparing for trial. Court held pre-trial hearings concerning the discovery issue and both times was told that it was the Public Defender's established policy not to provide copies of discovery to a defendant while a case is pending.
>
> That defendant demonstrated to Counsel and the Court [that he was] competent and knowledgeable and understanding of proceedings.

(Id.) Additionally, as stated above in the Court of Appeals decision, at the pretrial hearing, "Ms. Leslie informed the court that defendant had reviewed the discovery material and that he could review it again if he chose, but that he could not keep a copy of the material in jail." Robinson, 2009 WL 2501272, at *1. The state Superior Court's adjudication of petitioner's Claims Four and Six is correct. The adjudication was not contrary to or an unreasonable application of Supreme Court case law of Strickland. The findings of fact upon which the adjudication is based are reasonable. See 28 U.S.C. §§ 2254(d)(1) and (2).[2]

   iv.  Sentencing

The last claim argued by petitioner is that the court erred in imposing a sentence that was in excess of the crime for which he was convicted. Petitioner specifically contends that the

---

[2] Petitioner also filed a motion entitled "Motion for Capacity to Proceed Evaluation." [D.E. 15] This is another attempt to reassert the same claims as asserted in Claim 6 and is DENIED as set out in Section iii.

11

enhanced sentence based on his status as an habitual felon, was too harsh. The United States Supreme Court continually upholds the constitutional validity of enhancing sentences based upon recidivism against ex post facto, due process, equal protection, and double jeopardy challenges. See, e.g., Rummel v. Estelle, 445 U.S. 263, 285 (1980) (imposition of a mandatory life sentence under a recidivist statute did not violate ban on cruel and unusual punishment); Spencer v. Texas, 385 U.S. 554, 556 (1967) (upholding habitual-criminal statute in light of challenges under due process, and noting that the Court sustained challenges to such statutes in light of arguments "that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities"); Oyler v. Boles, 368 U.S. 448, 455-56 (1962)(upholding West Virginia's recidivism statute in like of equal protection challenge); see also United States v. Etheridge, 932 F.2d 318, 323 (4th Cir.) (holding that federal statute requiring enhanced sentence for defendant who committed underlying crime after having committed four prior felonies did not violate Ex Post Facto Clause), cert. denied, 502 U.S. 917 (1991).

Petitioner raised Claim Seven in his MAR and the North Carolina Superior Court summarily rejected the claim, concluding that "[t]he judgment and sentence of the Court entered in this case is legal, valid and proper and was entered in full compliance with due process of law ." Again, this holding is entitled to deference by this court. See Harrington, U.S. at , 131 S. Ct. 770, 784-85; see also Hartman v. Lee, 283 F.3d 190, 194 (2002). The state Superior Court's adjudication of Claim Seven is correct, the adjudication is not contrary to or an unreasonable application of Supreme Court case law, and the findings of fact upon which the adjudication is based are reasonable.

## CONCLUSION

Accordingly, respondent's Motion for Summary Judgment [D.E. 11] is GRANTED IN PART as to Claims Two, Four, Six and Seven, and these claims are DISMISSED. This dismissal includes the DENIAL of D.E. 15, which reasserts the capacity issue. As to the remaining Claims One, Three, and Five, Summary Judgment is DENIED without prejudice to be supplemented [D.E. 11]. North Carolina Prisoner Legal Services (NCPLS) is APPOINTED to represent petitioner as to these surviving claims; thus the court grants petitioner's Motion to Appoint Counsel [D.E. 18]. 18 U.S.C. § 3006A(2)(B). Respondent has 20 days from the entry of this order to file a supplemental motion for summary judgment as to the surviving claims. NCPLS has 30 days thereafter to file a supplemental response. Having so determined, the Clerk is DIRECTED to serve NCPLS with a copy of this order.

SO ORDERED, this **23** day of August 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE